UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DAUBER, | ) | |
| | ) | No. 18 CV 7752 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| MENARD, INC., | ) | |
| | ) | July 27, 2021 |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff John Dauber initially filed this premises liability action against Defendant Menard, Inc. ("Menard") in the Circuit Court of Cook County, Illinois, alleging that Menard negligently caused him to be injured when he slipped and fell on a greasy surface in a Menard's parking lot. Menard, a Wisconsin corporation with a principal place of business in Wisconsin, removed the matter to this court based on diversity jurisdiction. (R. 2, Notice of Removal ¶ 14.) The parties then consented to this court's jurisdiction. (R. 8.) Before the court is Menard's motion for summary judgment. For the following reasons, the motion is granted:

**Facts**[1]

When deciding whether summary judgment is appropriate, the court must accept the nonmoving party's evidence as true and draw all reasonable inferences in that party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

---

[1] These are undisputed facts drawn from the parties' LR 56.1 statements of fact and accompanying exhibits unless otherwise noted. (See R. 48, Def.'s LR 56.1(a)(2) Stmt.; R. 53, Pl.'s LR 56.1(b)(2) Stmt.; R. 54, Pl.'s LR 56.1(b)(3) Stmt.)

However, "inferences relying on mere speculation or conjecture will not suffice." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009) (citing *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008)).

On October 26, 2016, Dauber was shopping at a Menard store in Tinley Park, Illinois. (R. 48, Def.'s LR 56.1(a)(2) Stmt. ¶ 5.) After purchasing his items, he used a shopping cart to bring them to his parked car. (Id. ¶ 6.) Dauber placed his purchases in his car and then pushed the cart to the cart return area. (Id.) While proceeding to return the cart, Dauber slipped on the ground and fell on his left side. (Id.) Dauber then noticed a slimy material on the bottom of his left shoe. (Id. ¶ 7.) He also spotted a circular, foot-wide, dark spot on the pavement nearby. (Id.) In the dark spot was an oily, greasy substance with a footprint, which Dauber attributes to his own shoe. (Id.) The dark spot was immediately adjacent to and on a parking space reserved for disabled individuals and was located six to seven feet from the cart return area. (See R. 48, Def.'s LR 56.1(a)(2) Stmt. ¶ 8; see also R. 54, Pl.'s LR 56.1(b)(3) Stmt. ¶ 2.) Dauber then returned to his car and drove home for medical help. He did not inform any Menard employees about his fall or the presence of the slippery substance. (R. 48, Def.'s LR 56.1(a)(2) Stmt. ¶ 8.)

Menard employees Joseph Rudolph and Casey Smith were working in the parking lot as courtesy patrols on the day of Dauber's fall. (Id. ¶ 9.) Courtesy patrols have two primary duties in the parking lot: (1) collecting shopping carts; and (2) cleaning hazards (including slippery substances) and trash. (Id.) Neither Rudolph nor Smith has any recollection of working on October 26, 2016, or cleaning

up a substance like the one Dauber describes while serving as courtesy patrols. (Id. ¶ 10.) They also do not recall seeing anyone fall or become injured in the parking lot during their patrols. (Id.) Smith recalls seeing people performing car maintenance—including oil changes—"on a couple of occasions" in the parking lot. (R. 54, Pl.'s LR 56.1(b)(3) Stmt. ¶ 4.) Menard instructed courtesy patrols to stop individuals from performing car maintenances in the store parking lot. (Id.)

## Analysis

Menard moves for summary judgment, arguing that Dauber has failed to show that Menard had actual or constructive notice of the alleged hazard that caused him to fall, as required for a viable negligence claim. (R. 46, Def.'s Summ. J. Mot. ¶ 3.) Both parties rely on Illinois law to support their arguments. (See R. 47, Def.'s Summ. J. Mem.; see also R. 52, Pl.'s Resp.) To recover under a premises-liability theory of negligence under Illinois law, Dauber must establish "the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Keating v. 68th & Paxton, L.L.C.*, 401 Ill. App. 3d 456, 470 (2010); *see also Dunn v. Menard, Inc.*, 880 F.3d 899, 906 (7th Cir. 2018) (citing *Wilfong v. L.J. Dodd Constr.*, 401 Ill. App. 3d 1044, 1051 (2010)). Menard does not dispute that it owed a duty to maintain its property in "a reasonably safe condition." *See Culli v. Marathon Petroleum Co.*, 862 F.2d 119, 123 (7th Cir. 1988). That obligation "includes a duty to inspect and repair dangerous conditions on [the] property or give adequate warnings to prevent injury." *Id.* A business owner breaches its duty to an invitee who slips on a foreign substance if: "(1) the substance

3

was placed there by the negligence of the proprietor; (2) its servant knew of its presence; or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presences should have been discovered." *Newsom-Bogan v. Wendy's Old Fashioned Hamburgers*, 2011 IL App (1st) 092860, ¶ 15 (citations and quotations omitted). In seeking summary judgment, Menard argues that there is insufficient evidence to establish a genuine dispute as to whether Menard breached its duty of care.

The court concludes that Dauber fails to establish that Menard had actual notice of the substance that caused his fall. Neither Rudolph nor Smith, the two workers patrolling the parking lot on October 26, 2016, can recall any particular detail from the relevant day or having been alerted to a spill similar to the one Dauber describes. (R. 48, Def.'s LR 56.1(a)(2) ¶ 10.) As a result, Dauber may succeed on his negligence claim only if Menard received constructive notice of the greasy substance on the parking lot's surface. Whether a defendant had constructive notice of a hazard is a question of fact and should be presented to the jury unless the evidence overwhelmingly favors the defendant, such that the opposite finding could not stand. *See Smolek v. K.W. Landscaping*, 266 Ill. App. 3d 226, 229 (1994) (citing *Mazzone v. Chicago & N.W. Transp. Co.*, 226 Ill. App. 3d 56, 62 (1992)). To establish constructive notice, Dauber must present evidence that: "(1) the dangerous condition existed for a sufficient amount of time so that it would have been discovered by the exercise of ordinary care; or (2) the dangerous condition was part of a pattern of conduct or a recurring incident." *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir.

4

2014). But, as explained herein, Dauber fails to establish constructive notice under either factor.

As to the first factor relating to the amount of time the dangerous condition existed, Dauber has not offered sufficient evidence showing how long the greasy substance was present in the parking lot. Without such evidence, Dauber cannot show that Menard had constructive notice of this allegedly dangerous condition. To be sure, in a case applying Illinois law, the Seventh Circuit found that "[a]bsent any evidence demonstrating the length of time that the substance was on the floor, a plaintiff cannot establish constructive notice." *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 482 (7th Cir. 2008). That is because "[c]onstructive notice can only be shown where the dangerous condition is shown to exist for a sufficient length of time to impute knowledge of its existence to the defendants." *Ishoo v. Gen. Growth Props., Inc.,* 2012 IL App (1st) 110919, ¶ 28 (citing *Pavlik v. Wal-Mart Stores, Inc.,* 323 Ill. App. 3d 1060, 1065-66 (2001)). Here, it is undisputed that the first time Dauber saw the dark substance on the ground was after he had fallen. (R. 53, Pl.'s LR 56.1(b)(2) ¶ 8.) There is simply no evidence showing when the substance appeared or how long it lingered on the parking lot's surface before his fall.

Dauber argues that the lack of information about how long the spill was present in the parking lot creates a genuine dispute of fact, pointing for support to *Geleta v. Meijer, Inc.*, No. 11 CV 6567, 2013 WL 6797111 (N.D. Ill. Dec. 23, 2013). In *Geleta*, after a customer slipped and fell in the bakery section of a store, the court noted that a store employee's "inability to accurately account for her time and

5

admission that she did not inspect the floor after leaving the kitchen shows the existence of a genuine issue of fact as to how long the substance could have been on the floor." *Id.* at *4. Dauber argues that the inability of the Menard employees to recall any information regarding the timing of the spill similarly creates an issue of material fact here. (R. 52, Pl.'s Resp. at 6.) But unlike the current case, in *Geleta* the court found an issue of fact based on the employee's statement that she checked the floor 20 minutes prior to the fall. *Geleta,* 2013 WL 6797111, at *9. Nothing in *Geleta* establishes the proposition that Dauber pushes for here—that any time a worker is unsure about the timing of events, then timing is a genuine issue of material fact to be decided by a jury. *See Tafoya-Cruz v. Temperance Beer Co., LLC*, 2020 IL App (1st) 190606, ¶ 64 (granting summary judgment despite employee's inability to recall events at dispute). And unlike the circumstances in *Geleta*, a jury cannot establish an approximate time frame since the employees testified that they had no knowledge of the spill. Because Dauber did not demonstrate how long the substance was in the parking lot, he fails to show that Menard had constructive notice. *See Reid*, 545 F.3d at 482. Speculation is simply not enough to survive summary judgment. *See Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1040 (7th Cir. 2016).

With respect to the second factor required to show constructive notice, Dauber also falls short in his attempt to demonstrate that the greasy substance in the parking lot was part of a pattern of conduct by Menard. To establish a pattern of conduct, Dauber must point to a series of inadequate responses on the part of the business owner to the same type of hazard. *See Culli,* 862 F.2d at 126. Menard's response to

6

a repeated hazard is the essential factor, not the hazardous pattern itself. Indeed, "[a] pattern of recurring accidents in which customers slipped on spilled milk might suffice; a pattern of recurring spills, by themselves, does not." *Mitts v. Costco Wholesale Corp.*, No. 16 C 5788, 2017 WL 8204095, at *5 (N.D. Ill. Dec. 8, 2017). To survive summary judgment, Dauber may produce evidence that the dangerous condition was ignored or that Menard's response was inadequate. *See Schnepp v. Menard, Inc.,* No. 17 CV 6967, 2019 WL 1200678, at *3 (N.D. Ill. March 14, 2019). Determining what constitutes an adequate response requires an assessment of the visibility of the spill and its likelihood of being discovered. *See Coleman v. Wal-Mart Stores, Inc.*, No. 14 CV 6175, 2017 WL 168178, at *2 (N.D. Ill. Jan. 17, 2017) (citing *Reid*, 545 F.3d at 481-82). Illinois courts have adopted a case-by-case approach using a totality of the circumstances test to determine pattern of conduct. *Id.* at *2.

In this case, not only does Dauber fail to submit evidence of a pattern of customer falls on greasy substances, but he also fails to offer any evidence that greasy substances are regularly present in the parking lot. His speculation is insufficient to establish a link between a pattern of dangerous conditions and his fall. *See Dunlap v. Marshall Field & Co.*, 27 Ill. App. 3d 628, 631 (1975). Dauber offers no evidence establishing which substance caused his fall in the parking lot, that there were prior incidents involving similar dangerous conditions, or that the substance was sold by Menard. Instead, Dauber speculates that the substance may have been motor oil used by customers in the parking lot since it was found in a parking space. However, "speculation or conjecture regarding the cause of an injury is not sufficient in Illinois

to impose liability for negligence," *Piotrowski*, 842 F.3d at 1038, nor is it sufficient to surmount a well-supported motion for summary judgment, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 247 (1986); *Furry v. United States*, 712 F.3d 988, 993 (7th Cir. 2013).

Assuming that a reasonable jury could find a link, Dauber still fails to present evidence that Menard's response was inadequate. Dauber would need to show that Menard's safety practices were insufficient to protect against this type of hazard. *See Peterson v. Wal-Mart Stores, Inc.*, 241 F.3d 603, 604-05 (7th Cir. 2001); *see also Zuppardi,* 770 F.3d at 652 (noting that Wal-Mart's internal policies and procedures for spills appropriately addressed the threat of hazardous conditions). Here the slip and fall occurred in the parking lot near a cart return in the morning around 10:30 a.m. (See R. 48, Def.'s LR 56.1(a)(2) Stmt. ¶ 5.) Dauber has not submitted any evidence permitting the court to draw an inference that this area was susceptible to liquid spills or heavily trafficked at the time of the spill. *See Reid*, 545 F.3d at 438. On the contrary, Plaintiff testified that he waited five minutes on the ground before a bystander helped him to his car. (R. 48-2, John Dauber Dep. Tr. at 28.) Even if Dauber had shown that his fall happened in a high-traffic area of the parking lot, Illinois courts are unwilling to require continuous monitoring and patrolling of a store's safety conditions. *See, e.g., Zuppardi*, 770 F.3d at 652. Dauber thus would need to present evidence that Menard's safety procedures—having employees perform daily walkarounds to check for hazards and pick up trash—were insufficient

8

to protect business invitees. *See Piotrowski,* 842 F.3d at 1040. Dauber presents neither in this case.

Relying on *DeJohn v. Dollar Tree Stores*, No. 18 CV 79, 2021 WL 767618 (N.D. Ill. Feb. 26, 2021), Dauber argues that the evidence showing that Menard employees are aware that people sometimes perform car maintenance in the parking lot is sufficient to establish a pattern of conduct giving constructive notice that a substance was present on the day of his fall. In *DeJohn*, the plaintiff asserted that she fell because of debris stuck in the wheel of her shopping cart. *Id.* at 5. Employees at the store admitted that they knew of the problem and assigned a dedicated employee to handle issues with cart-wheels. *Id.* at 7. Unlike in *DeJohn*, Dauber has not presented evidence that employees knew of the hazard that led to the spill. Dauber asserts that Menard's instructions asking patrons not to perform car maintenance suggests they knew about the danger of spills from car maintenance. However, to survive summary judgment, Dauber must present evidence that Menard's employees knew about the spills, rather than just the possible sources of spills. *See Kling v. Menard, Inc.,* No. 13 CV 8322, 2015 WL 1607601, at *3 (N.D. Ill. April 2, 2015) (explaining that knowledge of the spill is necessary, not just speculation as to its source). There is no evidence before the court showing that spills are common when performing car maintenance in Menard's parking lot, or any evidence linking car maintenance to Dauber's fall. Accordingly, the evidence available to the court is insufficient to allow a reasonable jury to conclude that the presence of the greasy substance was part of a pattern of conduct sufficient to give Menard constructive notice.

9

## Conclusion

For the foregoing reasons, Menard's motion for summary judgment is granted.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**

10